MARGARET PATTERSON v. WILLIAM H. GAGE.

*Contract for service. Excuse for leaving.*

A hired girl, who has contracted to labor for a specified term at a price agreed
upon, and who has left the service of her employer previous to the expiration
of the term, may yet recover for the labor actually performed by her, if it ap-
pear, that she left in consequence of rudeness and improper conduct towards
her by a member of another family residing in the same house, although it ap-
pear, that her employer had no control over the other family, and that the two
families were as distinct from each other as they could be while occupying the
same house.

BOOK ACCOUNT.  Judgment to account was rendered, and an
auditor was appointed, who reported the facts substantially as fol-
lows.

The plaintiff contracted to labor for the defendant, in his family,
six months, at one dollar per week.   The family of the defendant's
father resided in the same house with the defendant during all the
time the plaintiff lived with the defendant; but the two families
were as separate and independent as two families can be, that live ·
in the same house, and the defendant had no control over the family
of his father, nor over any member of it, and was in no way respon-
sible for the conduct of any member of that family towards the
plaintiff.   The plaintiff "took a dislike" to the defendant's father,
by reason of some rudeness in his deportment towards her, and left
the service of the defendant, after she had labored for him twelve
weeks and one day; and she claimed to recover, in this action, for
the labor so performed, at the price agreed upon, amounting to
$12,15.   The defendant had paid to the plaintiff $6,85 towards
her labor.   The auditor reported, that if the court should be of opin-
ion, that the plaintiff had good cause for leaving the service of the
defendant, there was due to the plaintiff, with the interest, $5,67;
but that otherwise there was nothing due from the defendant to the
plaintiff.

The county court, February Adjourned Term, 1851,—J. CREE,
Assistant Judge of Orleans county court, presiding,—accepted the
report and rendered judgment thereon for the defendant.   Excep-
tions by plaintiff.

*G. C. Cahoon,* for plaintiff, insisted, that sufficient cause was shown, upon the report, for the plaintiff's leaving the service of the defendant, and cited *Fenton* v. *Clark,* 11 Vt. 557, *Blood* v. *Enos,* 12 Vt. 625, *Ripley* v. *Chipman,* 13 Vt. 268, *St. Albans Steam Boat Co.* v. *Wilkins,* 8 Vt. 54, and *Hair* v. *Bell,* 6 Vt. 35.

*O. T. Brown* for defendant.

The excuse of the plaintiff, to be sufficient, should be some distinct act of the defendant, and not a mere dislike,—otherwise there never would be any difficulty in finding a sufficient excuse for abandoning an entire contract. If it appeared from the case, that the plaintiff left by reason of fears for her personal safety, and that there were reasonable grounds for such fears, or that she suffered from the abuse of the defendant's father to any considerable extent, it might furnish a partial excuse for her leaving the employment of the defendant, providing she gave the defendant reasonable notice of these facts. The auditor does not find, that there was even any altercation between the plaintiff and the defendant's father, or that the defendant ever had notice of any dislike of the plaintiff, or of any rudeness of deportment of the defendant's father. *Mullen* v. *Gilkinson,* 19 Vt. 503.

The opinion of the court was delivered by

KELLOGG, J. The county court rendered judgment, on the report of the auditor, for the defendant. The plaintiff insists, that the judgment should have been for the plaintiff.

It appears, that the plaintiff's account was for her personal labor for the defendant under a contract to labor for him six months, and that after having continued in his service, under the contract, about three months, she left his employment without the consent of the defendant, and, as he insists, without any sufficient cause ; and if this objection be well founded in fact, according to repeated decisions of this court, the plaintiff would not be entitled to recover. In all contracts for personal labor for a stipulated time, a *voluntary* abandonment of the contract before full performance has been uniformly held, in this state, to be a forfeiture of all right to recover for the service actually performed, although the servive may have been beneficial to the other party. The question then arises, did the

plaintiff leave the service of the defendant without sufficient cause ? And this question the auditor referred to the county court, who virtually decided, that the plaintiff had no justifiable cause for leaving the defendant's service.

It appears, that the defendant resided in a house with his father, though the families of the father and son were as distinct and separate as they well could be and reside in the same house,—that the defendant had no control over his father and his family,—and that the defendant was in no manner responsible for the conduct of any member of his father's family towards the plaintiff; and it farther appears, that the plaintiff took a dislike to a member of the father's family by reason of *some rudeness in his deportment* towards her, and that that individual was the father of the defendant. The auditor does not specify the particular rudeness in the deportment of the defendant's father, of which the plaintiff complains, but we are induced to believe, it could not be of a trifling character. Indeed, we think it is fairly to be inferred from the report of the auditor, that the rudeness referred to was of a character aiming at a violation of the chastity of the plaintiff, and this by an individual residing in the same house with the defendant, where the plaintiff was required to labor, and that individual the father of the defendant and over whom the defendant had no control. If we are correct in this conclusion, we have no hesitation in saying, it furnishes a sufficient excuse for the plaintiff's leaving the employment of the defendant. If the defendant could not control the inmates of his house, so as to protect the plaintiff from their abuse, he has no reason to complain, that she leaves his service. Nor does her leaving under such circumstances deprive her of a right to compensation for the labor she actually performed.

The judgment of the county court is reversed, and judgment entered for the plaintiff for the balance due her, as reported by the auditor.